UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WDT WIRELESS COMMUNICATIONS, INC., | ) |
| Plaintiff, | ) No: 09-cv-622 |
| v. | ) Judge John W. Darrah |
| DOLINS, DOLINS & SORINSKY, LTD., | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

The Plaintiff, WDT Wireless Communications, Inc. ("Plaintiff" or "WDT"), brought this suit against Defendant, Dolins, Dolins & Sorinsky, Ltd. ("Defendant" or "DDS"), for accounting malpractice involving the City of Chicago Simplified Telecommunications Tax. Plaintiff alleges that because Defendant failed to inform Plaintiff about certain taxes levied by the City of Chicago, Plaintiff incurred over $500,000 in taxes that it was not able to pass on to its customers. Before the Court is Defendant's motion to bar Plaintiff's expert. Defendant asserts Plaintiff should be barred from offering expert testimony as evidence on a motion, at a hearing, or at trial because Plaintiff has failed to show its untimely disclosure was (1) substantially justified or (2) harmless.

## **BACKGROUND**

This suit was filed on January 30, 2009. On May 19, 2009, the Court set expert discovery to close on January 15, 2010. At a subsequent status hearing on December 1, 2009, the Court ordered discovery closed on June 2, 2010. Beginning on February 9, 2010, Plaintiff began requesting dates on which it could depose a former employee of Defendant, Karen

Kenyon. Kenyon performed the majority of the work for Plaintiff during her employment with Defendant. Defendant offered to contact Kenyon and obtain dates for her deposition.

On February 9, 2010, the parties began an e-mail correspondence regarding the deposition times of Kenyon. Defendant relayed to Plaintiff that Kenyon was unavailable until the end of February or the first week of March. On February 22, 2010, Plaintiff inquired as to Kenyon's deposition times; but Defendant was still unsure as to a specific time.

As of March 2, 2010, Plaintiff and Defendant were unable to secure a time for Kenyon's deposition. Plaintiff stated that if Defendant could not reach Kenyon, then Defendant should provide Kenyon's contact information so that Plaintiff could subpoena Kenyon. On March 4, 2010, Defendant secured tentative deposition dates for Kenyon: April 1-2, 2010, and April 6-9, 2010. Plaintiff agreed to the April 1, 2010 deposition.

On April 1, 2010, unable to obtain the presence of Kenyon for a deposition, the parties' principals were deposed. Steve Dolins, the principal at DDS, stated in his deposition that he met with Plaintiff on one occasion in 2001 or 2002 and by telephone up to a dozen times over a four-to-five-year span. The parties did not create an engagement letter or written agreement detailing the extent of the relationship. Dolins' involvement with Plaintiff ceased when he turned the work over to Kenyon.

As of May 11, 2010, Kenyon was unavailable for a deposition. In an electronic correspondence, Defendant stated it accepted scheduling Kenyon's deposition after the close of discovery on June 2, 2010. Kenyon was deposed on August 13, 2010. On August 27, 2010, Plaintiff, for the first time, disclosed an expert. Defendant brought its motion to bar Plaintiff's expert on August 31, 2010. Plaintiff filed a response on September 14, 2010. A final pretrial conference is set for October 14, 2010, with trial set for October 18, 2010.

Defendant claims that Plaintiff had more than sufficient information to retain an expert before the discovery closure date. Plaintiff's expert opines on Defendant's competency to handle the engagement at issue and Defendant's alleged duty to discover the tax that Plaintiff failed to pay. Defendant argues that by April 2010, Plaintiff had deposition testimony that was relevant to these issues. Specifically, Plaintiff had the deposition testimony of Steve Dolins of DDS and Andrew Ploceinniczak, an owner of WDT. According to that testimony, Dolins and Ploceinniczak were the only individuals present during the meeting at which WDT first requested DDS's services. Their deposition testimony discussed, specifically, the scope of engagement as agreed between these two witnesses at that meeting. While Plaintiff was not able to obtain the testimony of Kenyon until August 2010, Defendant points out that Kenyon was not at the initial meeting and that her later deposition testimony merely confirmed what Dolins had said. Plaintiff's response does not effectively rebut Defendant's claim that Plaintiff had the necessary information to obtain an expert long before the close of discovery.

## LEGAL STANDARD

Federal Rules of Civil Procedure Rule 26(a)(2)(A) states, in pertinent part, that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."

Rule 26(a)(2)(C) states:

> A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(C).

Federal Rule of Civil Procedure Rule 37(c)(1) states that sanctions may be imposed for failure to comply with Rule 26 disclosure and report requirements:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (*Caterpillar*) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir.1996)). "The following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Id.* (citing *Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir. 1995)).

## ANALYSIS

Plaintiff is barred from the use of expert testimony as Plaintiff failed to timely disclose its use of an expert and the expert's report delineating the expert's reasons for testifying to the scope of the relationship between Plaintiff and Defendant.

"Where a party does not timely file expert reports, the district court may exclude the party's expert from testifying at trial on the matters the party was required to disclose." *Finwall v. City of Chicago*, 239 F.R.D. 494, 498 (N.D. Ill. May 31, 2006) (*Finwall*) (citing

*NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 785 (7th Cir. 2000)). "The sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Id.* (citing *Keach v. U.S. Trust Co.*, 419 F.3d 626, 639 (7th Cir. 2005)).

Plaintiff could have obtained an expert witness by April 2010, before the June 2, 2010 cutoff date. Even if that were not the case, Plaintiff designated its expert witness on August 27, 2010, approximately two months after the date discovery was closed. Plaintiff subsequently filed its expert's report on September 14, 2010.

Plaintiff, however, argues that its delay is justified. Specifically, Kenyon, who performed a majority of the work for Plaintiff regarding tax matters, "was not made available by DDS for deposition until August 13, 2010." Pl.'s Resp. at 2. The Plaintiff maintains that the deposition testimony of Kenyon was necessary for the expert to form his opinion in that Kenyon was the only witness able to provide information regarding the scope and nature of services rendered by Defendant to the Plaintiff. *Id.* at 4. Therefore, "any delay in designating the expert was a direct result of Defendant's delay in setting a date for Ms. Kenyon's deposition." *Id.*

Similar arguments were rejected in *Fulton v. Theradyne Corp.*, No. 06 C 1321, 2007 WL 772953 (N.D. Ill. Mar. 12, 2007) (*Fulton*). In *Fulton*, the plaintiff, Fulton, argued that, his untimely disclosure was justified because his expert could not create his expert report until he reviewed the deposition transcripts of current and former employees of the defendant. *Fulton*, 2007 WL 772953, at *2. Fulton also claimed that the parties agreed to depose certain witnesses at specified dates, but the defendant failed to secure the witnesses and misled Fulton regarding discovery. *Id.* at *2-3. The court in *Fulton* held, "Plaintiff's contention that it agreed with KMC to depose the witnesses in early January 2007 offers no justification for Plaintiff's failure to meet

the court's set disclosure deadline." *Id.* The court further stated that, "[w]hen discovery closed, pursuant to the court schedule, KMC was entirely justified in believing that it was not required to produce the witnesses" and that "if Plaintiff believed that it was being denied discovery, then Plaintiff should have filed a motion to compel." *Id.* The Plaintiff in the case at bar, as in *Fulton*, failed to file any motion that could have provided relief.

In this case, the Plaintiff attached to its motion several pages demonstrating the parties held an e-mail correspondence from February 2010 until August 2010. In this correspondence, Plaintiff's counsel requested dates to conduct the deposition and stipulated that if no dates were given, Plaintiff would go to this Court. Pl.'s Ex. B. Plaintiff clearly acknowledged its remedy for this imminent discovery problem rested with this Court if it could not be resolved between the parties.

Similarly, in an e-mail dated March 4, 2010, Plaintiff's counsel once again demanded a deposition schedule and in the alternative asked Defendant for Kenyon's contact information so that Plaintiff could subpoena Kenyon. Pl.'s Ex. B. Furthermore, Plaintiff did not file a motion to compel, nor did it issue a subpoena for Kenyon's appearance. Finally, the facts indicate that Plaintiff did not seek an extension of discovery even after Plaintiff received an e-mail from Defendant on May 11, 2010, which notified Plaintiff that Kenyon would be unavailable for a deposition until after the close of discovery but that Plaintiff could seek a deposition after the date discovery was closed. Pl.'s Ex. B.

As stated in *Fulton*, where "[d]iscovery was closed by the time Plaintiff was scheduling the depositions. . . . [t]he parties cannot dictate the scheduling of case matters to the court, which has an inherent power to manage the cases on its docket." *Fulton*, 2007 WL 772953, at *3; *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) ("We live in a world of

6

deadlines. . . . The practice of law is no exception. A good judge has a right to assume the deadlines will be honored.").

Next, Plaintiff argues that the untimely disclosure is harmless because Plaintiff has offered to "make its expert available at any time so that DDS can depose the expert." Pl.'s Resp. at 2. Plaintiff also argues that "Defendant cannot show that it was prejudiced, as Plaintiff offered to make its expert available at any time." *Id.* Plaintiff also contends that Defendant cannot show it was harmed because Plaintiff made it known to Defendant at the end of Kenyon's deposition that Plaintiff would be producing an expert. These arguments are not persuasive. The court in *Fulton* rejected an argument strikingly similar to Plaintiff's. There, the plaintiff argued that its untimely disclosure was harmless because the plaintiff would allow the defendant to depose the plaintiff's expert and that the defendant could acquire its own expert. The court held that the untimely disclosure is not harmless because the defendant "would be prejudiced in its ability to conduct discovery," and it "would result in delays in this case contrary to deadlines set by this Court, including delay in the scheduling of the trial." *Fulton*, 2007 WL 772953, at *4.

The court in *Finwall* also rejected arguments similar to Plaintiff's, holding that "[l]ate disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen discovery." *Finwall*, 239 F.R.D. at 501; *see also Aon Risk Servs., Inc. of Illinois v. Shetzer*, No. 01 C 7813, 2002 WL 1989466, at *6 (N.D. Ill. Aug. 27, 2002) (rejecting argument that late disclosure was harmless because there was time to conduct deposition before trial; all discovery was required to be completed before the extended discovery); *Gregory v. Oliver*, No. 00 C 5984, 2002 WL 31972165, at *1 (N.D. Ill. Dec. 27, 2002) (opportunity to depose expert does not make up for inadequate expert report).

## CONCLUSION

For these reasons, Plaintiff has failed to show that its untimely disclosure was substantially justified or harmless; thus, Defendant's Motion to Bar Plaintiff's Expert Witness is granted.

Date: October 13, 2010

JOHN W. DARRAH
United States District Court Judge